———o———

No. 4157.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF MARTIN FRANCIS DWYER.
## ON MOTION TO DISMISS.

1. The motion to dismiss on the ground that the appeal is from a rule dismissing a motion for a new trial is based on a misapprehension of fact.
2. Grounds not presented by the motion and suggested only in the brief in support of the motion will not be considered.

Appeal from Civil District Court, Division "D."

Geo. W. Flynn, Attorney for John E. Dwyer, Appellant.

W. R. Stringfellow, H. J. Rhodes and C. McRae Selph, Appellee.

DUFOUR, J.   A motion to dismiss this appeal is made on the ground that one cannot appeal from a rule dismissing a motion for a new trial.   The motion is based on a misapprehension of the facts. ·

The motion, order of appeal and bond show that the appeal was taken from the judgment rendered on October 25th, 1901, and signed on December 6th, 1906.

The other questions presented in the brief appertain to the merits and will be considered when the appeal is heard.

January 28, 1907.

## ON THE MERITS.

1. Where, in the succession of his brother, plaintiff, under a misapprehension of the facts as he now learns, and having on his own petition provoked partition proceedings, alleging that certain parties whom he thought were legal heirs of his brother were legally holding certain property in indivision with him, and said partition is duly ordered, he is not now estopped when he presents a· petition, averring that the allegations first made by him were made in error, and that he alone, under the facts, as he subsequently learned them to be, is entitled to the property as the only legal heir of his brother.
2. An application for a new trial, made within five years after the rendition of the judgment, but before the judgment is signed, is· within the legal delays for a motion for a new trial.

ESTOPINAL, J.   The history of the case is substantially the same as given in brief of counsel for both sides, and we adopt it as follows:

First—Martin F. Dwyer died December 5, 1887.

Second—His succession was opened, on petition of Kate Dwyer (born O'Sullivan), February 21, 1888, claiming to be the surviving widow and mother of the two minor children, Martin Francis, age 4 years, and Edna K., age 2 years, and praying for an inventory, and that she be appointed natural tutrix of the minors.

The affidavit to said petition merely says that, "Martin F. Dwyer is dead?" and makes no proof of marriage.

239

Third—An inventory was taken by Benjamin Ory, Notary Public, on the 29th of February, 188?, and it shows an estate of five hundred dollars, the appraised value of two pieces of property as follows:

(a) One in square bounded by Gravier, Perdido, Johnson and Galvez streets and designated as lot No. 6, appraised at $400.

(b) One in square bounded by Prieur, Perdido, Johnson and Poydras streets, appraised at $200.

Both of the above described properties were inherited by the late Martin F. Dwyer and his surviving brother, John E. Dwyer, as the forced heirs of their deceased parents, Edward Dwyer and his surviving widow, Mrs. Margaret McMahon.

Fourth—On May 7, 1888, a partition was applied for by John E. Dwyer, brother of deceased of the property secondly described, and the same was sold under the judgment of partition—Mrs. Kate Sullivan Dwyer qualifying in the meanwhile as natural tutrix, and received her letters from the Court.

Fifth—On July 12, 1901, John E. Dwyer, brother of the deceased, filed a petition reciting substantially the above facts, and, further, that at the time said succession was opened he was not aware of the fact that his said brother, Martin F. Dwyer, was not married to said Mrs. Sullivan Dwyer, who claimed to be his wife, but that *"he now knows and is informed that said Kitty Sullivan was never married to his said deceased brother herein,"* and further alleged he was the only and nearest legal heir entitled to claim the estate of his deceased brother, the two minors having died in the meanwhile, and further praying, if declared to be the owner of the remaining piece of property, that he be given the rent of same at the rate of eight dollars per month from December 5, 1887.

On October 15, 1901, exceptions were filed by Mrs. Sullivan-Dwyer to the peition of John Dwyer, who prayed to be recognized as the sole and nearest heir-at-law of his deceased brother, on the following grounds:

First—Because the petition does not set forth the proper name of respondent, who is not "one Kitty Sullivan," but is Mrs. Catherine O'Sullivan-Dwyer, widow of the said Martin F. Dwyer, and mother of the two minor children x x x and

240

recognized as such by decree of Court in the succession of Martin F. Dwyer.

Second—Because the said petitioner had no right to attack the rights of respondent, which were fixed and made final by a decree of this Court, etc.

Third—Because petitioner is estopped from contesting the right of respondent and of the minors in the name set forth, or in any other name, because of the partition proceedings filed herein, and of which he was a party.

Fourth—This exception was fixed for trial, and, on October 25, 1901, the exceptions were maintained, dismissing suit of John F. Dwyer.

Fifth—It appears that the judgment dismissing plaintiff's (Jno. E. Dwyer) suit was not signed, as required by law, and on October 23rd, 1906, petitioner, Jno. E. Dwyer, filed a motion for a new trial, to which a plea of prescription of five years, under Act. 107 of 1898, was filed.

The court a quo dismissed the rule for a new trial, and signed the judgment rendered October 25, 1901, on December 6, 1906.

From this judgment Jno. E. Dwyer takes this appeal.

As recited above, John E. Dwyer, applied for and obtained an order for a partition of the property held in common *with his brother's widow and her minor children.* This proceeding was taken early in 1888.

On July 12th, 1901, John E. Dwyer filed a petition praying that he be declared the only and nearest legal heir of his deceased brother for the reason *that since the opening of the succession of his brother, he has learned and now knows* that Kitty Sullivan Dwyer, who claimed to be the wife of his deceased brother, Martin Dwyer, was, in fact, in truth never married to him.

To this petition the plea of estoppel was interposed on the ground that plaintiff is estopped from contesting the right of Mrs. Dwyer and of the minors, *because of the partition proceedings filed herein and of which he was a party.*

It is a well settled rule in the administration of justice that a party will not be permitted to deny what he has solemnly acknowledged in the judicial proceedings.

Where a party has, however, in good faith, but through error, made material allegations in a suit, which allegations he subsequently learns to be untrue and that it would

241

in that case amount to a denial of justice to deny him the privilege of correcting the error in order that Courts may adjudicate the matter on a correct statement of the facts.

It is a familiar principle in jurisprudence that estoppel is not favored in law.

In Watkins vs. Cawthorn 33 A. 1198, the Supreme Court said:

"The rubric of the law of estoppel under which the one here pleaded falls, is that of inconsistent positions, holding a party who has an election between several inconsistent pleas or causes of action, to abide by that one which he first adopts, and prohibiting him from contradicting in an action solemn judicial admissions and allegations which he has made in the same or a different action. Bigelow, Estoppel, Introduction, p. 68; Id. pp. 503 et seq.

Of this estoppel, it is a vital element that the position of pleading should have been taken or made with knowledge of the facts. It was never held that a person should be estopped from proving the truth when discovered, because, while ignorant of the truth, he had averred the contrary. Still less could such an estoppel avail one who, all the time, knew the truth and whose own action had been the cause of his opponent's ignorance thereof. Such was the case here. Defendant held the keeper's receipt in his own possession. He failed to annex it to his return and file it in Court, and was thus responsible for plaintiff's ignorance of it."

The allegations by plaintiff that at the time of the opening of the succession he was ignorant of his brother's relations with Kitty Sullivan, bring him under the just and equitable doctrine established in the case cited supra, and the estoppel therefore cannot be maintained.

The plea of prescription is without merit.

The record shows that the application for a new trial was filed on October 23rd, 1906, within two days of five years of the dismissal by the lower Court of plaintiff's suit to be recognized as the sole heir of his deceased brother. This judgment was rendered on October 25th, 1901, but was not signed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be, and it is hereby avoided and reversed, and it is now ordered and decreed that this cause be remanded to the District Court for further proceedings in accordance with the views herein expressed.